Eva C. Shih (AZ #022893)
John T. Giannopoulos (UT # 7209)
National Labor Relations Board, Region 28
2600 N. Central Avenue, Suite 1400
Phoenix, Arizona  85004
Tel:  (602) 640-2135
Fax:  (602) 640-2178
Email:  eva.shih@nlrb.gov
        john.giannopoulos@nlrb.gov

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CORNELE A. OVERSTREET, Regional Director of the Twenty-Eighth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board,<br><br>Petitioner,<br><br>v.<br><br>ONE CALL LOCATORS, LTD. d/b/a ELM LOCATING & UTILITY SERVICES,<br><br>Respondent. | Case No.<br><br>PETITION FOR TEMPORARY INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED [29 U.S.C. § 160(j)]<br><br>(Oral Argument Requested) |

Cornele A. Overstreet, Regional Director of Region 28 (the Regional Director) of the National Labor Relations Board (the Board), petitions this Court, for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. § 160(j)] (the Act), for appropriate injunctive relief pending the final disposition of the matters involved herein pending a decision by

the Board, on a complaint issued by the Acting General Counsel (General Counsel) of the Board, alleging, inter alia, that Respondent has engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1) and (3) of the Act [29 U.S.C. § 158(a)(1) and (3)].  In support of this petition, Petitioner respectfully shows as follows:

    1.    Petitioner is the Regional Director for Region 28 of the Board, an agency of the United States, and files this petition for and on behalf of the Board.

    2.    Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.

    3.    (a)    On August 29, 2012, the International Brotherhood of Electrical Workers, Local 387, AFL-CIO (the Union), filed a charge with the Board, in Case 28-CA-088321, alleging, inter alia, that One Call Locators, Ltd. d/b/a ELM Locating & Utility Services (Respondent) has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act.  (PX 1 at 1).[1]

    (b)    On October 30, 2012, the Union filed a charge with the Board, in Case 28-CA-092274, alleging, inter alia, that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act.  (PX 3 at 3).

---

[1] Petitioner has filed evidence in support of this Petition, contained within an Appendix of Exhibits and Affidavits, which includes official Board documents and affidavits.  References to the Appendix of Exhibits and Affidavits will be designated as "PX" followed by the appropriate exhibit number, and, as appropriate, the page and line number(s) of the respective exhibit.  All exhibits and affidavits within the Appendix have been consecutively numbered at the lower right corner of each page.  When first cited, affidavits are identified as "Affidavit of [name of affiant]," followed by the respective PX number; subsequent references to affidavits are designated by the affiant's name and the corresponding exhibit: page number.

(c) On January 17, 2013, John L. Crist, an individual (Crist), filed a charge with the Board, in Case 28-CA-096540, alleging, inter alia, that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act. (PX 5 at 5).

> **Comment [j1]:** What/were is PX 4? Are 2 and 4 the amended charges? If so, we should mention that in the body or with a footnote.

4. (a) The aforesaid charges were referred to Petitioner as Regional Director for Region 28 of the Board.

(b) Upon the charge described above in paragraph 3(a), and after investigation of the charge in which Respondent was given the opportunity to present evidence and legal argument, the General Counsel, on behalf of the Board, pursuant to Section 10(b) of the Act [29 U.S.C. § 160(b)], issued a Complaint and Notice of Hearing on November 30, 2012 (Complaint), alleging that Respondent engaged in, and is engaging in, unfair labor practices as charged within the meaning of Section 8(a)(1) and (3) of the Act. (PX 7 at 7-13).

(c) On December 14, 2012, Respondent filed its Answer to the Complaint (Answer), denying the commission of any unfair labor practices. (PX 9 at 15-17).

(d) Upon the charge described above in paragraph 3(b), and after investigation of the charge in which Respondent was given the opportunity to present evidence and legal argument, the General Counsel, on behalf of the Board, pursuant to Section 10(b) of the Act [29 U.S.C. § 160(b)], issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing on December 31, 2012 (Consolidated Complaint), alleging that Respondent engaged in, and is engaging in, unfair labor

practices as charged within the meaning of Section 8(a)(1) and (3) of the Act.  (PX 10 at 18-25).

    (e)    On January 14, 2013, Respondent filed its Answer to the Consolidated Complaint, denying the commission of any unfair labor practices.  (PX 12 at 27-29; PX 13 at 30-32).

    (f)    Upon the charge described above in paragraph 3(c), and after investigation of the charge in which Respondent was given the opportunity to present evidence and legal argument, the General Counsel, on behalf of the Board, pursuant to Section 10(b) of the Act [29 U.S.C. § 160(b)], issued an Order Further Consolidating Cases, Second Consolidated Complaint and Notice of Hearing on March 29, 2013 (Second Consolidated Complaint), alleging that Respondent engaged in, and is engaging in, unfair labor practices as charged within the meaning of Section 8(a)(1) and (3) of the Act.  (PX 14 at 33-41).

    (g)    On April 11, 2013, Respondent filed its Answer to the Second Consolidated Complaint, denying the commission of any unfair labor practices.  (PX 16 at 43-46).

    (h)    A hearing before an administrative law judge of the Board has been noticed and scheduled to commence on May 21, 2013, at the hearing room of Region 28 of the Board, located in Phoenix, Arizona (the Hearing).  (PX 14 at 40).

5.    There is reasonable cause to believe that the allegations set forth in the Second Consolidated Complaint are true and that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the

Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act for which a remedy will be ordered by the Board, but that the Board's order for such remedy will be frustrated without the temporary injunctive relief sought herein. Petitioner asserts that there is a substantial likelihood of success in prevailing in the underlying administrative proceedings in Cases 28-CA-0888321, 28-CA-092274, and 28-CA-096540 (Case 28-CA-088321 et al.), and establishing that Respondent has engaged in, and is engaging in, unfair labor practices in violation of Section 8(a)(1) and (3) of the Act by, inter alia, interrogating its employees about their Union activities; threatening its employees with unspecified reprisals if they engaged in Union and concerted activities; creating an impression among its employees that their Union and concerted activities are under surveillance; soliciting complaints and grievances from its employees and promising to remedy them if employees refrained from supporting the Union; promising employees increased benefits and improved terms and conditions of employment if they refrain from supporting the Union; maintaining overly-broad and discriminatory work rules; discriminatorily installing GPS units in work vehicles in retaliation for employees' concerted and Union activities; issuing discriminatory discipline to its employees; and discharging five employees because they engaged in concerted and Union activities.  In support thereof, and of the request for temporary injunctive relief, Petitioner, upon information and belief, shows as follows:

       (a)    At all material times Respondent has been a corporation with an office and place of business in Phoenix, Arizona, herein called Respondent's facility,

and has been providing contractor services locating and marking underground utility lines and other related services.

      (b)    In conducting its operations during the 12-month period ending August 29, 2012, Respondent purchased and received at the Respondent's facility goods valued in excess of $50,000 directly from points outside the State of Arizona.

      (c)    At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act [29 U.S.C. § 152(2), (6) and (7)] and has been conducting and transacting business in this judicial district.

      (d)    At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act [29 U.S.C. § 152(5)].

      (e)    At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act [29 U.S.C. § 152(11)] and agents of Respondent within the meaning of Section 2(13) of the Act [29 U.S.C. § 152(13)]:

| Name | Position |
| --- | --- |
| Jim Bourazak | Chief Executive Officer |
| Troy Parsley | Phoenix Area Manager |
| Jesse Spires | State Manager |
| Blaine Cadieu | Regional Manager |
| Mark Lynch | Utility Supervisor |
| Jillian Stubberfield | Utility Supervisor |
| Paul Northcutt III | Utility Supervisor |
| Jordan Serfass | Utility Supervisor |
| Martin "Marty" Brussman | Utility Supervisor |
| Travis Nielsen | Utility Supervisor |
| Chris Eubanks | Utility Supervisor |
| Brad Lerman | Utility Supervisor |
| Dennis Bott | Utility Supervisor |
| Milton Austin | Utility Supervisor |

| | | |
|---|---|---|
| Linus Charles | - | Utility Supervisor |
| Mike Virden | - | Utility Supervisor |
| Pat Belacero | - | Hiring Supervisor |
| Mark (last name unknown) | - | Hiring Supervisor |

(f) Since about April 2012, Respondent's employees, including Raul Hernandez (Hernandez), Roy Hammock (Hammock), Evan DeMain (DeMain), Adam Griego (Griego), and Crist, have engaged in concerted activities with other employees for the purposes of mutual aid and protection by, among other things, discussing with each other, and concertedly complaining to Respondent about, employees' workloads, lack of sufficient staffing and support, and lack of safety equipment.

(g) Since about July 2012, Respondent's employee Crist has engaged in concerted activities with other employees for the purposes of mutual aid and protection by, among other things, providing testimony and evidence in connection with the investigation and litigation of an employee's workers' compensation claim.

(h) Since at least February 29, 2012, Respondent has maintained the following overly-broad and discriminatory rule in its Conduct Guidelines handbook:

Personal Misconduct

* * *

10.  Engaging in conduct at any time and place that could reflect negatively on the company or customer or impair the company's or customer's reputation.

(i) About July 25, 2012, Respondent, by Milton Austin (Austin), in a parking lot near the corner of 99th Avenue and Northern Avenue in Phoenix, Arizona, threatened its employees with unspecified reprisals.

7

(j)     About August 7, 2012, Respondent, by Jessie Spires (Spires), Troy Parsley (Parsley), Austin, and Blaine Cadieu (Cadieu), at Respondent's facility:

   (1)     promised its employees increased benefits and improved terms and conditions of employment if employees refrained from supporting the Union; and

   (2)     by soliciting employee complaints and grievances, promised its employees increased benefits and improved terms and conditions of employment if employees refrained from supporting the Union.

(k)     About August 7, 2012, Respondent, by Austin, at Respondent's facility:

   (1)     interrogated its employees about their union membership, activities, and sympathies and the union membership, activities, and sympathies of other employees; and

   (2)     threatened its employees with unspecified reprisals.

(l)     About January 10, 2013, Respondent, by Jim Bourazak (Bourazak), in a memo to employees transmitted through Respondent's Lodge Point intranet system, created an impression among its employees that their Union and other concerted activities were under surveillance by Respondent.

(m)     About July 23, 2012, Respondent installed a global positioning system unit in its vehicle assigned to its employee Crist.

(n)     About July 31, 2012, Respondent issued a written warning to its employee Crist.

(o) About August 1, 2012, Respondent discharged its employee Hammock.

(p) About August 10, 2012, Respondent discharged its employee Hernandez.

(q) About August 29, 2012, Respondent discharged its employee Crist.

(r) About September 27, 2012, Respondent discharged its employee DeMain.

(s) About November 10, 2012, Respondent discharged its employee Griego.

(t) Respondent engaged in the conduct described above in paragraphs 5(m) through 5(s) because the named employees of Respondent engaged in the activity described above in paragraph 5(f) and to discourage employees from engaging in these or other concerted activities.

(u) Respondent engaged in the conduct described above in paragraphs 5(m), 5(n), and 5(q) because Crist engaged in the activity described above in paragraph 5(g) and to discourage employees from engaging in these or other concerted activities.

(v) Respondent engaged in the conduct described above in paragraphs 5(m) through 5(s) because the named employees of Respondent formed, joined, and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

(w) By the conduct described above in paragraphs 5(f) through 5(u), Respondent has been interfering with, restraining, and coercing employees in the

9

exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

(x)     By the conduct described above in paragraphs 5(m) through 5(s) and 5(v), Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

(y)     The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

(z)     Certain of the unfair labor practices of Respondent described above have taken place within this judicial district.

6.     Respondent's unfair labor practices, described above in paragraph 5, have irreparably harmed, and are continuing to harm, employees of Respondent in the exercise of rights guaranteed them by Section 7 of the Act [29 U.S.C. § 157].  More specifically, Respondent's unfair labor practices have caused the following harm:

(a)     Respondent's employees have suffered significant economic harm through the loss of work hours, and loss of pay and livelihood as a result of their unlawful discharges due to their concerted and Union activities;

(b)     Respondent's unfair labor practices have deprived its employees of the right to freely choose whether they wish to be represented by the Union, thereby depriving employees of the benefits of representation by a union of their choosing; and

(c)     Respondent's unfair labor practices have created an atmosphere wherein employees fear retaliation and discharge by Respondent on an ongoing and

daily basis if they engage in concerted and Union activities or if they continue to show support for the Union.

7. Upon information and belief, unless injunctive relief is immediately obtained, it can fairly be anticipated that employees will permanently and irreversibly lose the benefits of the Board's processes and the exercise of statutory rights for the entire period required for Board adjudication, a harm which cannot be remedied in due course by the Board.

8. There is no adequate remedy at law for the irreparable harm being caused by Respondent's unfair labor practices, as described above in paragraph 5.

9. Granting the temporary injunctive relief requested by Petitioner will cause no undue hardship to Respondent.

10. In balancing the equities in this matter, if injunctive relief as requested is not granted, the harm to the employees involved herein, to the public interest, and to the purposes of the Act, would clearly outweigh any harm that the grant of such injunctive relief will work on Respondent.

11. Upon information and belief, it may fairly be anticipated that unless Respondent's conduct of the unfair labor practices described in paragraph 5 above is immediately enjoined and restrained, Respondent will continue to engage in those acts and conduct, or similar acts and conduct constituting unfair labor practices, during the proceedings before the Board and during any subsequent proceedings before a United States Court of Appeals, with the predictable result of continued interference with the rights of employees to engage in activities protected by Section 7 of the Act, with the

result that employees will be deprived of their Section 7 rights under the Act, inter alia, to form, join, or assist a labor organization or to refrain from any and all such activities, employees will be denied their statutory right to freely express their choice as to representation or to be represented for collective-bargaining purposes by the Union, and the Union will be unable to ever obtain a fair election for certification as the collective-bargaining representative of the Respondent's employees, all to the detriment of the policies of the Act, the public interest, the interest of the employees involved, and the interest of the Union.

12. Upon information and belief, to avoid the serious consequences set forth above, it is essential, just, proper, and appropriate for the purposes of effectuating the policies of the Act and the public interest, and avoiding substantial, irreparable, and immediate injury to such policies and interest, and in accordance with the purposes of Section 10(j) of the Act that, pending final disposition of the matters involved pending before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct alleged above, similar acts and conduct or repetitions thereof, and be ordered to take the affirmative action set forth below in paragraph 2:

WHEREFORE, Petitioner prays:

1. That the Court issue an order directing Respondent to appear before this Court, at a time and place fixed by the Court, and show cause, if any, why an injunction should not issue directing, enjoining, and restraining Respondent, its officers, agents, servants, representatives, successors, and assigns, and all persons acting in concert with

them, pending the final disposition of the matters herein pending before the Board, to cease and desist from:

    (a)    interrogating its employees about their Union activities and the Union activities of other employees;

    (b)    threatening its employees with unspecified reprisals if they engage in Union and concerted activities;

    (c)    creating an impression among its employees that their Union and concerted activities are under surveillance by Respondent;

    (d)    soliciting complaints and grievances from its employees and promising to remedy them if employees refrain from supporting the Union;

    (e)    promising employees increased benefits and improved terms and conditions of employment if they refrain from supporting the Union;

    (f)    maintaining an overly-broad and discriminatory personal misconduct rule in its Conduct Guidelines handbook prohibiting employees from engaging in conduct that could reflect negatively on the company or its customers or impair the company's or customer's reputation;

    (g)    discriminatorily installing GPS units in work vehicles in retaliation for employees' concerted and Union activities;

    (h)    issuing discriminatory discipline to its employees because they engage in concerted and/or Union activities;

(i) discharging its employees in order to discourage membership in, or support for, or activities on behalf of, the International Brotherhood of Electrical Workers, Local 387, AFL-CIO, or any other labor organization; and

(j) in any like or related manner interfering with, restraining, or coercing its employees in the exercise of their rights to self organization, to form labor organizations, to join or assist the Union or any other labor organization, to bargain collectively through representatives of their own choosing and to engage in other concerted activities for the purposes of collective bargaining or other mutual aid or protection, or to refrain from any and all such activities

2. That the Court require Respondent to take the following affirmative actions:

(a) Notify employees in writing that its overly-broad and discriminatory personal misconduct rule contained in its Conduct Guidelines handbook, which prohibits employees from engaging in conduct that could reflect negatively on the company or customer or impair the company's or customer's reputation, is rescinded, void, of no effect, and will not be enforced, and that it will not prohibit employees from engaging in or require employees to engage in such conduct in a manner protected by the Act;

(b) Within five (5) days of the Court's issuance of an Order Granting Temporary Injunction (Injunction Order), offer, in writing, Raul Hernandez (Hernandez), Roy Hammock (Hammock), Evan DeMain (DeMain), Adam Griego (Griego), and John L. Crist (Crist) immediate reinstatement to their former jobs, or if

14

those jobs no longer exist, to substantially equivalent positions of employment, without prejudice to their seniority or other rights or any other privileges previously enjoyed, displacing, if necessary, any newly hired or reassigned workers;

    (c)    Within fourteen (14) days of the Court's issuance of the Injunction Order, remove from its files, any and all records of its discharges of Hernandez, Hammock, DeMain, Griego, and Crist, and of its written discipline issued to Crist, and within three (3) days thereafter, notify Hernandez, Hammock, DeMain, Griego, and Crist, respectively, in writing that this was done, and that the material removed will not against them in any way;

    (d)    Within fourteen (14) days of the Court's issuance of the Injunction Order, post copies of the Injunction Order at Respondent's Phoenix metropolitan area facilities (including Mesa and Deer Valley, Arizona), as well as translations of such an Order in languages other than English as necessary to ensure effective communication to Respondent's employees as determined by the Regional Director, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, in all places where notices to its employees are normally posted; maintain these postings during the pendency of the Board's administrative proceeding free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to its facilities to monitor compliance with this posting requirement;

    (e)    In addition to physical posting of paper copies of the Injunction Order, distribute the Injunction Order electronically, such as by e-mail, posting on an

15

intranet site or an internet site (including by Respondent's LaunchPoint system), or other electronic means, if Respondent customarily communicates with its employees by such means.  The electronic posting shall remain posted during the pendency of the Board's administrative proceedings.  Respondent shall e-mail to the Regional Director, to the attention of Region 28's Compliance Officer, at Miguel.Rodriguez@nlrb.gov, a link to the electronic posting location on the same day as the posting.  In the event that passwords or other log-on information are required to access the electronic posting, Respondent agrees to provide such access information to the Region's Compliance Officer.  If the Notice is distributed via e-mail, Respondent will forward a copy of the e-mail distributed to the Region's Compliance Officer.

      (f)    Within fourteen (14) days of the Court's issuance of the Injunction Order, hold a meeting or meetings at which the Court's Order is to be read aloud by a responsible agent of Respondent, by or in the presence of Jim Bourazak (Bourazak), and in the presence of an agent of the Board, or at Respondent's option by an agent of the Board in the presence of Bourazak, to all employees employed by Respondent at Respondent's facility, including at multiple meetings and in other languages, if necessary as determined by the Regional Director, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, to ensure that it is read aloud to all employees; and

      (g)    Within (twenty-one) 21 days of the Court's issuance of the Injunction Order, submit to the Court and the Regional Director for Region 28 of the Board a sworn affidavit from a responsible agent of Respondent stating, with

specificity, the manner in which Respondent has complied with the terms of the Injunction Order.

    3.    That upon return of said Order to Show Cause, the Court issue an Order Granting Temporary Injunction enjoining and restraining Respondent in the manner set forth above.

    4.    That the Court grant such further and other relief as may be just and proper.

Dated at Phoenix, Arizona, this 2nd day of May, 2013.

/s/ Eva C. Shih
Eva C. Shih, Attorney
John T. Giannopoulos, Attorney
    On behalf of:
Cornele A. Overstreet, Regional Director
National Labor Relations Board, Region 28
2600 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004